■ In the Matter of BONNIE J. CHAMBERLAIN, Appellant, v W. DOUGLAS CHAMBERLAIN, Respondent. [687 NYS2d 485] —Yesawich Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered July 5, 1996, which, *inter alia*, granted respondent's cross application in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

The parties have been married since 1982 and are the parents of three children (born in 1984, 1986 and 1988). At issue on this appeal is the propriety of Family Court's decision—after a plenary hearing and two *Lincoln* hearings—awarding respondent sole custody and granting petitioner visitation.

The gravamen of petitioner's appeal is that Family Court's determination was erroneous in that the court assertedly ignored evidence that respondent physically abused petitioner during their marriage. The court, not unfairly in our view, discounted petitioner's testimony concerning the many instances respondent allegedly struck or pushed her, and, instead, credited respondent's testimony denying petitioner's claims; the court was further persuaded by the evaluation of a court-appointed psychologist who opined that respondent's character traits were not consistent with someone who would engage in domestic violence. As the evidence was conflicting, and no compelling reason has been advanced why Family Court's findings should not be given deference (*see, Eschbach v Eschbach*, 56 NY2d 167, 173; *Matter of Weeden v Weeden*, 256 AD2d 831, 833; *Matter of De Losh v De Losh*, 235 AD2d 851, 853, *lv denied* 89 NY2d 813), we decline to disturb Family Court's determination on this issue.

Petitioner's suggestion that Family Court failed to properly consider the children's expressed preference to live with her is also unconvincing. In this regard we can find no fault with Family Court's determination that the reasons offered by the children—that petitioner did not require them to adhere to a budget and she ate breakfast with them—"were not such as would justify this Court giving much weight to [their] requests". In any event, while Family Court may consider the children's preference, it is but one of many factors to be weighed in making a custody determination (*see, Matter of Barndollar v Barndollar*, 234 AD2d 858, 860; *see also, Matter of Clark v Dunn*, 195 AD2d 811), for the overarching concern is the best interests of the children (*see, Matter of Buhrmeister v McFarland*, 235 AD2d 846, 847). Here, Family Court's lengthy and detailed de-

cision reflects this concern and was supported by evidence before the court, including the opinion of the aforementioned psychologist, that respondent, who was employed as a special education teacher, offered a structured and stable home environment essential to the growth and development of the children. By contrast, the evidence indicates that petitioner (who lacks steady employment, harbors an inclination to subject the children to numerous hospital and doctor visits for the most minor of maladies and a willingness to keep the children out of school) could not offer similar stability and structure.

Nor are we persuaded that petitioner was denied effective assistance of counsel (see, Matter of Williams v MacDougall, 226 AD2d 782, 783). Finally, there is no merit to the claim pressed by the newly appointed Law Guardian that his predecessor did not provide the children effective legal representation. Although reversal is warranted where a Law Guardian adopts only a passive role (see, Matter of Pratt v Wood, 210 AD2d 741, 743), this record discloses that the previous Law Guardian was actively involved in the proceedings, as evidenced by her participation in the custody hearing, as well as the Lincoln hearings.

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.