■ In the Matter of JOHN MAHEU, Respondent, v JENNIFER L. BOWEN, Appellant. (And Two Other Related Proceedings.) [809 NYS2d 286]—

Crew III, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered September 21, 2004, which, inter alia, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the biological parents of a child born in 1999. Although respondent initially was granted temporary custody of the child, following respondent's separate arrests in September 2003 for unlawful possession of marihuana and disorderly conduct, the Law Guardian moved by order to show cause for temporary custody to be granted to petitioner. Family Court granted that motion, and petitioner thereafter commenced one of the instant proceedings seeking sole custody of his daughter. A fact-finding hearing ensued, at the conclusion of which Family Court awarded petitioner sole custody of the child and re-

spondent specified periods of visitation. Respondent now appeals, contending that Family Court's decision lacks a sound and substantial basis in the record.

The record as a whole distills to a classic case of he said/she said, with each party dredging up the other's imperfect past and highlighting what each views as the other's parental shortcomings. To that end, petitioner and respondent each have a demonstrated history of domestic violence, substance abuse and involvement with the criminal justice system, in addition to which, the record reveals, respondent has some mental health issues that may or may not have been adequately addressed in the past. It was against this backdrop that Family Court was faced with the difficult choice of having to award custody of the minor child to one of two less than perfect parents and, simply put, having had the advantage of listening to the testimony adduced over the course of the three-day hearing and assessing the credibility of the witnesses firsthand, we are not at all inclined to disturb Family Court's determination in this regard. While it is clear that respondent loves her daughter and, quite properly, has some concerns regarding petitioner's parenting skills, we nonetheless agree with Family Court that petitioner, who at the time of the hearing was holding down two jobs, was receiving substance abuse counseling and had obtained appropriate housing, was in a better position to provide the child with the stability and consistent financial and emotional support that she needs. Contrary to respondent's assertions, Family Court did not simply ignore petitioner's past behavior but, rather, required petitioner (and respondent) to participate in various services and treatment programs to address the problems that each was facing at the time of the hearing. Notwithstanding their respective histories, Family Court was persuaded that, on balance, petitioner possessed the maturity and wherewithal to provide the child with a secure home environment and, based upon our review of the record as a whole, we cannot say that Family Court erred in this regard. Respondent's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure and Spain, JJ., concur. Ordered that the order is affirmed, without costs.