■ In the Matter of GARY FILIPPELLI, Appellant, v SUSAN CHANT, Respondent. (And Three Other Related Proceedings.) [836 NYS2d 314]—

Mercure, J.P. Appeal from an order of the Family Court of Warren County (Breen, J.), entered February 23, 2006, which, inter alia, granted respondent's application, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the unmarried parents of a daughter (born in 1991). They have a long history of extraordinary acrimony,

animosity and serious conflict (*see Matter of Chant v Filippelli*, 277 AD2d 741, 742 [2000]). In August 1997, Family Court granted petitioner (hereinafter the father) sole custody of the child and awarded respondent (hereinafter the mother) visitation rights. Although particular provisions of that order have been modified numerous times by Family Court, the father retained custody of the child until, in the order on appeal, Family Court dismissed the father's violation and modification petitions seeking to limit the mother's visitation, denied the father's motion to dismiss the mother's modification petition, amended the mother's petition to conform to the evidence adduced at the fact-finding hearings, and granted the mother sole legal and primary physical custody of the child. The father appeals* and we now affirm.

It is well settled that "[m]odification of a preexisting custody arrangement requires 'a showing of a change in circumstances [reflecting] a definite need for modification to ensure the best interests of the children,' and Family Court's findings in this regard 'will not be set aside unless they lack a sound and substantial basis in the record' " (*Matter of Meyer v Rudinger*, 285 AD2d 714, 715 [2001], quoting *Matter of Thompson v Thompson*, 267 AD2d 516, 517-518 [1999]; *see Matter of Sloand v Sloand*, 30 AD3d 784, 785 [2006]). We agree with Family Court that such a change in circumstances is present here, given the evidence in the record of the deterioration of the child's relationship with the father, resulting in both his inability to meet the child's emotional needs and the escalation of verbal and physical conflicts with her. Moreover, the current custody arrangement has detrimentally affected the child's mental health—leading to the filing of a person in need of supervision petition, threats of suicide, hospitalization and her admission into a mental health facility—as well as her academic performance. In our view, Family Court properly determined that this evidence warrants a change in custody (*see Matter of Shehata v Shehata*, 31 AD3d 773, 774 [2006]; *Matter of Oddy v Oddy*, 296 AD2d 616, 617-618 [2002]; *Matter of Maute v Maute*, 228 AD2d 444, 444-445 [1996]; *cf. Matter of Chant v Filippelli, supra* at 742 [noting that "under the present custody arrangement the child has been happy and has developed well, both emotionally and intellectually"]). Contrary to the father's argument, the mother's modification petition and application to reopen the

---

* Inasmuch as the father does not raise any issues with respect to the parties' violation petitions, we deem his arguments regarding those petitions to be abandoned (*see Cassadei v Nationwide Mut. Fire Ins. Co.*, 21 AD3d 681, 683 [2005]; *Matter of Oddy v Oddy*, 296 AD2d 616, 617 n [2002]).

fact-finding hearing after the child's admission into the mental health facility provide clear notice of the mother's allegations of a breakdown in his relationship with the child and that the child's school performance was suffering.

Turning to the father's argument that Family Court erred in awarding custody to the mother, the best interests of the child are paramount in any custody or visitation determination (*see Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]). Factors to be considered in ascertaining the custodial arrangement most likely to promote the child's best interests include "maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *see Matter of Eck v Eck, supra* at 1083; *Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]). Given the breakdown in the child's relationship with the father, testimony from the child's former therapist that he feared for the physical safety of both the child and the father, the child's repeated requests that she be permitted to reside with the mother, and the positive relationship between the child and the mother, there is a sound and substantial basis in the record for Family Court's decision (*see Matter of Shehata v Shehata, supra* at 774; *Matter of O'Connor v Dyer*, 18 AD3d 757, 757-758 [2005]; *Matter of Oddy v Oddy, supra* at 617-618; *Matter of Meyer v Rudinger, supra* at 715-716).

The father's remaining arguments are academic, unsupported by the record or otherwise meritless.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

