■ In the Matter of DANA A., Respondent, v MARTIN B., Appellant. (And Two Other Related Proceedings.) [898 NYS2d 677]—

Mercure, J.P. Appeals (1) from an order of the Family Court of Tompkins County (Rowley, J.), entered October 21, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection, and (2) from an order of said court, entered January 21, 2009, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child born in 2003. In May 2007, the mother filed a family offense petition alleging that the father threatened her in the course of a dispute at the family residence, and Family Court issued a temporary order of protec-

tion. Thereafter, the mother petitioned, and the father cross-petitioned, for custody of the child. Following a combined hearing on the family offense and custody petitions, Family Court granted the mother sole custody, with specified visitation to the father. Family Court also granted the family offense petition and issued a permanent order of protection with regard to the mother. The father appeals from both the order of protection and custody order.*

We affirm. In determining custody, Family Court was required to assess the best interests of the child by considering factors such as the child's age and wishes, and the parents' relative fitness, stability and previous performance, as well as their respective home environments and abilities to guide the child, provide for his well-being, and encourage his relationship with the other parent (see Matter of Cukerstein v Wright, 68 AD3d 1367, 1368 [2009]; Matter of Marchand v Nazzaro, 68 AD3d 1216, 1216 [2009]; Matter of Holle v Holle, 55 AD3d 991, 991-992 [2008]). Here, the record reflects that the child has a good relationship with both parents. Family Court credited the testimony of the mother and others, however, that she had been the child's primary caregiver. The mother further indicated a willingness to put the child's interests ahead of her own and to encourage his relationship with the father. In contrast, the father was exceedingly bitter towards the mother and engaged in behavior that called into question his ability to make appropriate decisions for the child and promote the child's relationship with the mother. As such, a court-appointed psychologist opined that joint custody would be inappropriate and that the mother would be a more suitable guardian, a viewpoint shared by the Law Guardian.

Contrary to the father's contentions, Family Court accorded appropriate weight to the psychologist's opinion, which was supported by the results of psychological tests conducted by the psychologist and other mental health professionals (see Matter of Goodale v Lebrun, 307 AD2d 397, 398 [2003]; Matter of Bates v Bates, 290 AD2d 732, 733 [2002]). Indeed, the testimony of eyewitnesses to the father's behavior and the unsettling testimony of the father himself amply demonstrate the cause for the psychologist's concern (see Matter of Bates v Bates, 290 AD2d at 733-734). We note that the father also points out, correctly, that the mother's behavior was not above reproach and that some credibility issues existed with regard to her and other

---

* Inasmuch as the father fails to raise any issue with regard to the order of protection, his appeal from it is deemed abandoned (see Matter of Schermerhorn v Breen, 8 AD3d 709, 710 n [2004]; Matter of Maryann NN., 244 AD2d 785, 786 n [1997]).

witnesses. Great deference is owed to Family Court's assessment of credibility, however, and we cannot say that its custody determination lacked a sound and substantial basis in the record (*see Matter of Marchand v Nazzaro*, 68 AD3d at 1217; *Matter of Yost-Crawford v Sutton*, 66 AD3d 1168, 1171 [2009]).

Finally, the father claims that the Law Guardian's performance was deficient, but a Law Guardian is counsel for the child and is not required to meet "standards of performance laid down for [him or] her by other counsel in the case, whose motives are dictated by the obligation to represent another party" and not the interests of the child (*Matter of Stien v Stien*, 130 Misc 2d 609, 616 [1985]; *see* 22 NYCRR 7.2; *Matter of VanDee v Bean*, 66 AD3d 1253, 1255-1256 [2009]). The relevant inquiry is whether the child received the effective assistance of counsel and, given the vigorous advocacy provided by the Law Guardian throughout these proceedings, there is no question that such occurred (*see Matter of West v Turner*, 38 AD3d 673, 674 [2007]; *Matter of Chamberlain v Chamberlain*, 260 AD2d 671, 672 [1999], *lv denied* 93 NY2d 811 [1999]).

Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.

