■ In the Matter of CELENIA M., Respondent, v FAUSTINO M., Appellant. [909 NYS2d 59]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about August 14, 2008, which granted petitioner's application to modify the court's visitation order, entered on or about February 6, 2006, unanimously affirmed, without costs.

Although this Court's authority in custody matters is as broad as that of the trial court, the latter's findings and determination are accorded great deference on appeal (Victor L. v Darlene L., 251 AD2d 178 [1998], lv denied 92 NY2d 816 [1998]), since that court had the opportunity to assess the witnesses' demeanor and credibility (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). Here, there was a sound basis for the court's determination that the circumstances had changed sufficiently to modify the original visitation order. It was clear from the record that, while the daughter still desired a relationship with the father, she did not want to have overnight visits with him due to his failure to maintain a sanitary home and to engage with her during their visits. Moreover, his comments about her developing body and his physical altercation with her over her use of a cell phone caused the child to be uncomfortable in his presence. This conduct by the father justified the court's modification of the visitation agreement to eliminate overnight visitation (see Posporelis v Posporelis, 41 AD3d 986 [2007]; Matter of Filippelli v Chant, 40 AD3d 1221 [2007]). Concur—Gonzalez, P.J., Tom, Catterson, Moskowitz and Richter, JJ.