■ In the Matter of Christopher M. White, Respondent, v Gina White, Appellant. (And Another Related Proceeding.) [909 NYS2d 220]—

Stein, J. Appeal from an order of the Family Court of Rensselaer County (James, J.H.O.), entered June 18, 2009, which granted petitioner's application, in two proceedings pursuant to Family Court Act article 6, for custody of the parties' children.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the married parents of a daughter (born in 1999) and a son (born in 2002). Both children were born in the City of Binghamton, Broome County and resided with the parties in different areas of the state before temporarily moving to South Carolina in 2006. While in South Carolina, the mother and the father mutually agreed that the mother should enter a

residential dual diagnosis treatment facility in Tennessee to address her alcohol and prescription drug abuse. While undergoing such treatment, the mother received a telephone call from the father, who explained that he had an employment opportunity in the Albany, New York area. The mother did not object and the father accepted the position, moving with both children to New York in October 2008 while the mother remained in treatment in Tennessee.

After the mother left inpatient treatment in late October 2008, she moved to Binghamton—where she resided with her mother—to complete an outpatient program. While she was undergoing her outpatient treatment, the parties were unable to agree on where they would reside as a family, the mother wishing to reside in the Binghamton area near her family and the father preferring to remain in the Albany area near his family. The father commenced the first of these proceedings seeking physical custody of both children and was granted a temporary order of custody. The mother then cross-petitioned for physical custody. For a short time thereafter, the parties attempted to reconcile and the mother moved into a residence owned by the father's mother and stepfather in the Town of Wyantskill, Rensselaer County. When the parties' reconciliation failed, the mother returned to Binghamton and the parties followed an informal shared custody arrangement, with the mother having parenting time every weekend. Following a fact-finding hearing and a *Lincoln* hearing, Family Court awarded the parties joint legal custody, granted the father primary physical custody and established a parenting schedule for the mother. The mother now appeals* and we affirm.

"In determining the best interests of the child[ren], Family Court was required to consider various factors, including how the decision would impact on the child[ren]'s stability, the home environment of both parents, 'each parent's willingness to foster a relationship with the other parent, and their past performance and ability to provide for the child[ren]'s overall well-being' " (*Matter of Wentland v Rousseau*, 59 AD3d 821, 822 [2009], quoting *Matter of Clupper v Clupper*, 56 AD3d 1064, 1065-1066 [2008]; *see Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]). We accord great deference to Family Court's custody determination, "[r]ecognizing the advantageous position of Family Court to evaluate the testimony and assess the credibility of witnesses . . . provided that it is supported by a sound and substantial basis in the record" (*Matter of Torkildsen v Torkild-*

---

* The mother's appeal is limited by her brief to so much of Family Court's order as awarded the father primary physical custody of the children.

*sen*, 72 AD3d 1405, 1406 [2010]; *see Matter of Marchand v Naz-zaro*, 68 AD3d 1216, 1217 [2009]; *Matter of Wentland v Rous-seau*, 59 AD3d at 823; *Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]).

Here, at the time of trial, both parties resided in the homes of their respective parents and there is nothing in the record that would lead to the conclusion that either home is unsuitable. Both parties have demonstrated a willingness to foster the children's relationship with the other. Notably, the mother conceded that the father is a wonderful parent. Although not determinative, the attorney for the children supports Family Court's decision placing primary custody with the father. The hearing testimony further evidences that the father has maintained the role of the children's primary caretaker since June 2008. In furtherance of that role, he has been actively involved with the children's academic progress, has driven them to school every day, arranged for his mother to pick up the children from school every afternoon and provide daycare for them until he returns home from work in the evening, established and maintained contact with each of the children's respective teachers, and arranged for dental and medical care for the children, including neurological care for the parties' son. The daughter's school social worker testified that she was thriving and happy in the Averill Park school system.

While the record reveals that the father was not without flaws and, although Family Court also found the mother to be a fit parent and her efforts at rehabilitation to be admirable, the court determined that the mother had not provided, nor appeared currently able to provide, sufficient stability for the children. In this regard, the testimony of the mother and the maternal grandmother reflected the mother's continued need for substantial support in her rehabilitation. Family Court expressed its concern that the stability presently enjoyed by the children would be undermined by moving them from their current environment. The mother's contention that Family Court failed to accord proper weight to the testimony of Aaron Hoorwitz, a psychologist for the Rensselaer County Department of Mental Health, who conducted a custody evaluation, is unpersuasive, as his testimony was inconsistent on significant issues, was contradictory to some testimony at the hearing (*see Matter of Gast v Gast*, 50 AD3d 1189, 1190 [2008]) and, in some respects, was unsubstantiated.

Upon our review of the record as a whole, we conclude that Family Court properly weighed the factors relevant to determining which custodial arrangement was in the best interests of

the children, and we find a sound and substantial basis in the record to support Family Court's determination that the children have attained a stable life and appear to be thriving and developing in the father's care. As such, we discern no reason to disturb Family Court's order (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Matter of Richardson v Alling*, 69 AD3d 1062, 1064 [2010]; *Matter of Smith v Smith*, 61 AD3d 1275, 1277-1278 [2009]; *Matter of Wentland v Rousseau*, 59 AD3d at 823).

Peters, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.