In the Matter of Tami Slovak, Petitioner, v James Slovak, Respondent. Daniel Gartenstein, as Attorney for the Child, Appellant. [909 NYS2d 229]—

Kavanagh, J. Appeal from an order of the Family Court of Columbia County (Hummel, J.), entered September 2, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

In October 2007, a consent order was entered granting petitioner (hereinafter the mother) and respondent (hereinafter the father) joint legal and physical custody of their son (born in 2000). Pursuant to that order, the child lives with the mother each week from Saturday evening until Tuesday or Wednesday evening, with the date the child is to be returned to the father alternating each week. Seventeen months after that order was issued, the mother commenced this Family Ct Act article 6 proceeding to modify the order and obtain sole legal and physical custody of the child. In her petition, the mother alleged, among other things, that the custodial arrangement was not working because of the parties' inability to communicate with each other and the negative impact it was having on the child. After a hearing, Family Court found that the mother had failed to establish that circumstances had sufficiently changed to warrant a modification of the custody order and dismissed her petition. The attorney for the child now appeals.*

Initially, we reject the contention of the attorney for the child that Family Court erred in concluding that the alleged deterioration in the mother and father's relationship is not a circumstance that requires modification of the joint custody arrangement. "A change of circumstances warranting the modification of a joint custody arrangement may be found when 'the relationship between joint custodial parents has deteriorated to the point where they simply cannot work together in a cooperative fashion for the good of their children' " (*Ehrenreich v Lynk*, 74 AD3d 1387, 1388 [2010], quoting *Matter of Blanchard v Blanchard*, 304 AD2d 1048, 1049 [2003]). Here, Family Court has presided over numerous proceedings involving these same parties and, after hearing from them, as well as the child's treating therapist and the father's girlfriend, concluded that "some disagreements notwithstanding, the parties['] communication has in fact dramatically improved, and both of these parents appear to be working towards their son's best interest." This conclusion, in our view, enjoys substantial support in the record and should not be disturbed (*see Matter of Ferguson v Whible*, 55 AD3d 988, 990 [2008]; *Matter of Filippelli v Chant*, 40 AD3d 1221, 1222 [2007]).

However, we do agree that the mother did establish that, since the consent order was issued, circumstances have changed to such an extent that the physical custody arrangement regarding their child should be altered (*see Matter of McGovern v McGovern*, 58 AD3d 911, 913 [2009]; *Matter of Filippelli v Chant*,

---

* Neither the mother nor the father has filed a brief in response to the appeal.

40 AD3d at 1222; *Matter of Robertson v Robertson*, 40 AD3d 1219, 1220 [2007]). In that regard, the child's psychologist not only diagnosed him with pervasive development disorder, a tic disorder and attention deficit hyperactivity disorder, but also testified that he was having a difficult time adjusting to being transferred between his parents in the middle of each week and that it would be "more advantageous" given his psychological disorders that the transfer occur on a weekend. The therapist also noted a slight regression in the child's school work during the past school year and attributed it, in part, to the fact that, since the consent order was issued, the father has moved out of the school district and the child, when with the father, has a 25-minute commute to school. In our view, these developments support the mother's claim that a substantial change in circumstances has occurred that requires that the existing physical custodial arrangement be modified.

In determining what custodial arrangement would be in the child's best interest, a number of factors must be considered, including each parent's ability to provide the child with a stable home environment, their past performance as parents, their relative fitness and ability to provide for the child's well-being and the child's wishes (*see Moor v Moor*, 75 AD3d 675, 676 [2010]; *Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1433 [2010]; *Matter of Card v Rupert*, 70 AD3d 1264, 1265 [2010]). Here, the mother has taken an active role in the therapy the child is now receiving and has attended every therapy session with him. She has participated in meetings held with school personnel regarding his education and has closely monitored his progress. We also note that the child has expressed a preference to live with her and, while not determinative, this desire deserves consideration in determining what custodial arrangements are best suited to his interests (*see Matter of Flood v Flood*, 63 AD3d 1197, 1198-1199 [2009]). As a result, we are of the view that it is in the child's best interest to be in the mother's custody while attending school, and we remit the matter to Family Court to develop a schedule that addresses that need and, at the same time, provides the father with adequate time with the child.

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed that part of the petition seeking physical custody of the child; petition granted to said extent and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.