■ In the Matter of ANDREA C. DUPUIS, Respondent, v MICHAEL E. COSTELLO, Appellant. (And Another Related Proceeding.) [914 NYS2d 393]—

Malone Jr., J. Appeal from an order of the Family Court of Washington County (Pritzker, J.), entered July 17, 2009, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 2008).* The parties had only a brief relationship, which ended prior to the child's birth. Shortly after the birth, the mother commenced a proceeding seeking sole custody of the child and the father thereafter petitioned for joint legal and physical custody of the child. Following a hearing, Family Court awarded the parties joint legal custody, with primary physical custody to the mother. The father appeals.

The paramount concern in any custody matter is the best interests of the child and, "[i]n determining the best interests of the child, [the] [c]ourt was required to consider various factors, including how the decision would impact on the child's stability, the home environment of both parents, 'each parent's willingness to foster a relationship with the other parent, and their past performance and ability to provide for the [child's] overall well-being' " (*Matter of Wentland v Rousseau*, 59 AD3d 821, 822 [2009], quoting *Matter of Clupper v Clupper*, 56 AD3d 1064, 1065-1066 [2008]; *accord Matter of White v White*, 77 AD3d 1073, 1074 [2010]). Here, Family Court specifically considered these factors, and more, before concluding that an award of primary physical custody to the mother was in the child's best interests.

At the time of the hearing, each party maintained an appropriate residence for the child, and demonstrated an ability to parent and to provide for the child's emotional and intellectual development. However, the record reflects that the mother has been the child's primary caretaker since birth—without assistance, financial or otherwise, from the father—and maintained "an excellent track record as a parent with respect to her other children." The mother was able to successfully coparent her older children with her former husband—who testified on her behalf—and she demonstrated the ability to encourage her chil-

---

* The mother also has two older children from a previous marriage, who are not subjects of these proceedings.

dren to have loving and warm relationships with their fathers. Moreover, the record established that the mother's three children enjoyed close and loving sibling relationships. As for the father, although Family Court found that he loved his child and wanted to be a part of the child's life, it also found that the father "appear[ed] to [be] inappropriately focus[ed] on [the mother's] social life," and her relationships, rather than on the best interests of the child. Further, the court specifically noted that it did not find the father's testimony regarding his finances to be credible. Upon our review of the record, it is apparent that Family Court adequately considered and weighed appropriate factors and, according deference to its credibility determinations, find a sound and substantial basis in the record for its determination that the child's best interests were served by awarding primary physical custody to the mother (see Matter of White v White, 77 AD3d at 1075-1076).

Finally, the father's challenge to a temporary order that had granted him only supervised visitation with the child is moot, as the order appealed from superceded that order and his visitation is no longer supervised (see Matter of Olivia SS. [William TT.], 75 AD3d 800, 801 [2010]). The father's remaining contentions, including his claim that Family Court failed to properly consider his financial resources, have been considered and found to be unpersuasive.

Mercure, J.P., Peters, Rose and Garry, JJ., concur. Ordered that the order is affirmed, without costs.