■ In the Matter of KIMBERLY BAKER, Respondent, v NORMAN BAKER III, Appellant. (And Another Related Proceeding.) [919 NYS2d 234]—

Egan Jr., J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 2004 and have five children born in 2000, 2001, 2002, 2004 and 2005. Following the parties' physical separation in February 2010, at which time the father relocated with the children to the paternal grandmother's home, the mother commenced a proceeding seeking sole legal and physical custody of the minor children, and the father cross-petitioned for similar relief. Preventive services were ordered, an investigation pursuant to Family Ct Act § 1034 ensued and the mother was awarded temporary custody of the children with weekend visitation to the father.* At the conclusion of the lengthy hearing that followed, Family Court, among other things, granted the mother's application, awarding her sole legal and physical custody of the children and establishing a visitation schedule for the father. The father now appeals.

In rendering an initial custody determination, Family Court was required to consider a number of factors, "including each parent's ability to provide the child[ren] with a stable home environment, their past performance as parents, their relative fitness and ability to provide for the child[ren]'s well-being and the child[ren]'s wishes" (*Matter of Slovak v Slovak*, 77 AD3d 1089, 1091 [2010]; *see Matter of White v White*, 77 AD3d 1073, 1074 [2010]; *Matter of Mackenzie V. v Patrice V.*, 74 AD3d 1406 [2010]). Great deference is accorded to both Family Court's assessment of the witnesses' credibility and its ultimate custody determination (*see Matter of Torkildsen v Torkildsen*, 72 AD3d 1405, 1406 [2010]; *Matter of Dana A. v Martin B.*, 72 AD3d 1136, 1138 [2010])—particularly where, as here, the court was faced with the difficult task of choosing between two less than perfect parents (*see Matter of Lewis v VanWormer*, 45 AD3d

* The father's visitation was suspended and then reinstated during the course of the custody hearing.

1196, 1197-1198 [2007], *lv denied* 10 NY3d 712 [2008]; *Matter of Maheu v Bowen*, 26 AD3d 654, 655 [2006]).

Despite her demonstrated shortcomings, the mother has been the children's primary caregiver, established and maintained contact with the children's respective teachers and regularly attended school conferences, assumed primary responsibility for the children's medical needs and readily accepted preventive services. Additionally, the mother has demonstrated a willingness to foster a positive relationship between the children and the father. In contrast, there was evidence that the father was verbally and physically abusive to the children and spent much of the day in his bedroom watching television, playing video games and taking his meals alone. Under these circumstances, we cannot say that Family Court's decision to award the mother custody lacks a sound and substantial basis in the record. Accordingly, Family Court's order is affirmed.

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the order is affirmed, without costs.