■ In the Matter of THOMAS B. BAMBRICK, Respondent, v ERIKA MAE HILLARD, Appellant. (And Another Related Proceeding.) [948 NYS2d 707]—

Spain, J.

The parties, who met in Michigan, the home state of respondent (hereinafter the mother), are the unmarried parents of a child born in Broome County in 2007. They resided in Broome County until 2010, mostly together with the child at the home of the parents of petitioner (hereinafter the father). In March 2010, the mother moved with the child to the home of her mother in Michigan one week after the birth of her second child fathered by another man. The father married in May 2010. During the child's visit with the father and paternal grandparents in Broome County in July 2010, the father petitioned for custody and the mother also filed a custody petition. After a fact-finding hearing at which the parties and, among others, the child's grandmothers testified, Family Court awarded the parties joint legal custody, as each had requested, and directed that primary physical custody be with the father and that the mother have extensive parenting time in Michigan. The mother now appeals, arguing that the court erred in not awarding physical custody of the child to her.

The primary concern in any child custody case is the best interests of the child (see Matter of Goodfriend v Devletsah-Goodfriend, 29 AD3d 1041, 1042 [2006]). In rendering this initial custody determination, Family Court was required to

consider numerous factors, "including each parent's ability to provide the child with a stable home environment, their past performance as parents, [and] their relative fitness and ability to provide for the child's well-being" (*Matter of Slovak v Slovak*, 77 AD3d 1089, 1091 [2010]). We accord great deference to the court's assessment of witness credibility and its determination of what custody arrangement will be in a child's best interests (*see Matter of Baker v Baker*, 82 AD3d 1462, 1462 [2011]).

Here, the record reflects that Family Court, faced with a difficult task, made a well-reasoned decision. At the time of the hearing, the mother was 24 years old and the father was 27 years old. While both demonstrated a strong relationship with the three-year-old child, neither is able to care for and support him without significant support from their families. The parties have a history of domestic violence involving police intervention and serious substance abuse and, while both received addiction treatment in 2009, neither continued with all recommended services.

The father continues to be financially reliant upon his parents with whom he lives in their three bedroom home in Broome County situated on six acres; his wife, her four-year-old daughter and their infant (born in 2011) also reside there. He is underemployed, working per diem in construction, sometimes out of town; his wife is not employed. The paternal grandfather, a retiree, and grandmother, a substance abuse counselor, are bonded to the child, who had lived with or near them all of his life; they have always helped to care for the child when the parties lived there, particularly when the parties were abusing drugs and then while they obtained addiction treatment.

The mother resides in the Michigan home of her mother, who she is financially reliant upon, with her infant and her 20-year-old brother. She moved there with the child shortly after the birth of her second child (and without advance notice to the father) to get away from their tumultuous relationship and because she was overwhelmed. She is unemployed, dependent upon public assistance, and intends to stay in Michigan to be near her extended family and support system. The child had visited Michigan with the mother four times (for about one to two weeks) prior to her relocation there. While the mother actively participated in addiction treatment while living in Broome County, she has not continued treatment as recommended in Michigan, reportedly for financial reasons.

Family Court thoroughly considered all of the surrounding circumstances and rationally concluded that it is in the child's best interests for the parents to have joint custody, and for him

to primarily reside in Broome County with the father in the "only home [the child] has ever known." There, the paternal grandparents—with whom the child has "an extraordinarily close relationship"—can provide support and stability to the father and the child. The court explained that a move to Michigan with an overwhelmed mother, while perhaps best for her, was not in the child's best interests given, among other things, that he does not know that part of his extended family. The court's decision is supported by a sound and substantial basis in the record, and it is therefore affirmed (*see Matter of Baker v Baker*, 82 AD3d at 1463).

Peters, P.J., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.