Judicial Conduct Commission. Here, the grievance was filed by the prosecutor, and it was based on an alleged altercation between the trial judge and defendant's girlfriend that had occurred years earlier.

Contrary to defendant's contention, there is no evidence that " '[t]he alleged bias and prejudice . . . result[ed] in an opinion on the merits on some basis other than what the [trial] judge learned from his participation in the case' " (*Moreno*, 70 NY2d at 407, quoting *United States v Grinnell Corp.*, 384 US 563, 583 [1966]), or that "any alleged bias or prejudice on the part of the [Trial] Judge unjustly affected the result of the case" (*People v Nenni*, 269 AD2d 785, 786 [2000], *lv denied* 95 NY2d 801 [2000]; *see Moreno*, 70 NY2d at 407). Defendant does not, and indeed cannot, point to any evidentiary ruling or sentencing decision that resulted from the alleged bias or prejudice. Rather, the only basis for defendant's contention that the alleged bias and prejudice potentially affected the result is the statement of defense counsel that defendant was "considering" a bench trial and questioned whether the trial judge could remain unbiased. That statement, however, establishes only that *defendant* questioned whether the trial judge could be impartial if he were to sit as the fact-finder. It does not establish that the trial judge, i.e., "the sole arbiter of recusal," questioned his own ability to be impartial (*Moreno*, 70 NY2d at 405).

Because we agree with the majority that there is no other basis for reversal, we would affirm. Present—Scudder, P.J., Smith, Fahey, Lindley and Martoche, JJ.

■ In the Matter of JAKOB D.K.B.-K. and Another, Infants. CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent; SHERRY M.B., Appellant. [953 NYS2d 179]—Appeal from an order of the Family Court, Cayuga County (Thomas G. Leone, J.), entered July 11, 2011 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Scudder, P.J., Smith, Fahey, Lindley and Martoche, JJ.

■ In the Matter of KENDALL L. DANNER, Appellant, v CHAD NEPAGE, Respondent. THEODORE W. STENUF, ESQ., Attorney for the Child, Appellant. (Appeal No. 1.) [953 NYS2d 522]—Appeals from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered March 24, 2011 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in the *Matter of Danner v NePage* (100 AD3d 1405 [2012]). Present—Scudder, P.J., Smith, Fahey, Lindley and Martoche, JJ.

■ In the Matter of KENDALL L. DANNER, Appellant, v CHAD NEPAGE, Respondent. THEODORE W. STENUF, ESQ., Attorney for the Child, Appellant. (Appeal No. 2.) [953 NYS2d 522]—Appeals from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered March 24, 2011 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in the *Matter of Danner v NePage* (100 AD3d 1405 [2012]). Present—Scudder, P.J., Smith, Fahey, Lindley and Martoche, JJ.

■ In the Matter of KENDALL L. DANNER, Appellant, v CHAD NEPAGE, Respondent. THEODORE W. STENUF, ESQ., Attorney for the Child, Appellant. (Appeal No. 3.) [953 NYS2d 522]—

Appeals from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered March 24, 2011 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these appeals, petitioner mother and the Attorney for the Child appeal from an order dismissing each petition that she filed against respondent father, her ex-husband, with respect to the custody of the parties' daughter. We note at the outset that, although the mother and the Attorney for the Child each filed notices of appeal with respect to the dismissal of all three petitions, in their briefs on appeal they raise issues only concerning the order in appeal No. 3. They therefore are deemed to have abandoned any issues concerning the orders in appeal Nos. 1 and 2 (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]).

By the petition in appeal No. 3, the mother sought to modify a prior custody order pursuant to which she had primary physical custody and the father had visitation, based upon allegations that the father had sexually abused the child. The mother requested an award of sole custody to her, with supervised visitation to the father. Following a fact-finding hearing on all three petitions, Family Court, as relevant to appeal No. 3, determined