# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1060

CAF 11-01093

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF KENDALL L. DANNER,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

CHAD NEPAGE, RESPONDENT-RESPONDENT.
-----------------------------------
THEODORE W. STENUF, ESQ., ATTORNEY
FOR THE CHILD, APPELLANT.
(APPEAL NO. 3.)

---

LINDA M. CAMPBELL, SYRACUSE (H. DANA VAN HEE OF COUNSEL), FOR
PETITIONER-APPELLANT.

THEODORE W. STENUF, ATTORNEY FOR THE CHILD, MINOA, APPELLANT PRO SE.

SHIRLEY A. GORMAN, BROCKPORT, FOR RESPONDENT-RESPONDENT.

---

Appeals from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered March 24, 2011 in a proceeding pursuant to Family Court Act article 6.  The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In these appeals, petitioner mother and the Attorney for the Child appeal from an order dismissing each petition that she filed against respondent father, her ex-husband, with respect to the custody of the parties' daughter.  We note at the outset that, although the mother and the Attorney for the Child each filed notices of appeal with respect to the dismissal of all three petitions, in their briefs on appeal they raise issues only concerning the order in appeal No. 3.  They therefore are deemed to have abandoned any issues concerning the orders in appeal Nos. 1 and 2 (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

By the petition in appeal No. 3, the mother sought to modify a prior custody order pursuant to which she had primary physical custody and the father had visitation, based upon allegations that the father had sexually abused the child.  The mother requested an award of sole custody to her, with supervised visitation to the father.  Following a fact-finding hearing on all three petitions, Family Court, as relevant to appeal No. 3, determined that the mother failed to establish a

change of circumstances sufficient to warrant an inquiry into whether it is in the best interests of the child to modify the existing custody order, and dismissed the petition.

The mother and the Attorney for the Child contend that the mother proved at the hearing that the father had sexually abused the child, and that the court therefore erred in determining that she failed to establish the requisite change of circumstances. We reject that contention. Although several witnesses testified that the then four-year-old child reported to them that the father had touched her private parts, to which she referred as her "poo" and "pee," the police investigated the incident and determined that criminal charges were not warranted due to a "lack of credible evidence." A police investigator testified that, when he interviewed the child outside the presence of the mother, the child said that the touching of her "privates" occurred when the father wiped her after she used the toilet. The investigator then spoke to the mother, who acknowledged that the child needed help wiping herself. Similarly, the mother's 14-year-old daughter testified at the hearing that the child needed help wiping herself and that both she and the mother assisted the child in this regard. There was also evidence at the hearing that the allegations of sexual abuse against the father had been investigated by the Department of Social Services and were determined to be unfounded.

"Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (*Matter of Stilson v Stilson*, 93 AD3d 1222, 1223 [internal quotation marks omitted]). Here, based on the evidence presented at the hearing, as well as the child's statements at the *Lincoln* hearing (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 272-274), we perceive no basis to disturb the court's implicit finding that the mother failed to prove that the father sexually abused the child. Aside from the unproven allegations of sexual abuse, there was no basis to award sole custody to the mother or to limit the father to supervised visitation. We thus conclude that the court properly dismissed the petition seeking a change in custody "inasmuch as [the mother] failed to establish a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (*Matter of James D. v Tammy W.*, 45 AD3d 1358, 1358 [internal quotation marks omitted]).

We reject the further contentions of the mother and the Attorney for the Child that the court should have drawn an adverse inference against the father based on his failure to deny the allegations of sexual abuse at the hearing. "A trier of fact *may* draw the strongest inference that the opposing evidence permits against a witness who fails to testify in a civil proceeding" (*Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [emphasis added]). Here, although the father testified at the hearing, he was not questioned by anyone concerning the allegations of sexual abuse. Under the circumstances, the court did not abuse its discretion in failing to

draw an adverse inference against the father.

Based on our review of the record, we reject the further contention of the mother that the child was deprived of effective assistance of counsel (*see generally Matter of Sharyn PP. v Richard QQ.*, 83 AD3d 1140, 1143).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court