# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**519**
**CAF 13-00074**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF JESSICA LYNN KIRKPATRICK,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

RICHARD C. KIRKPATRICK, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.

TIMOTHY R. LOVALLO, BUFFALO, FOR RESPONDENT-RESPONDENT.

MICHELE A. BROWN, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered December 13, 2012 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these consolidated appeals, petitioner mother appeals from three orders resolving three petitions that she filed against respondent father, her ex-husband, with respect to the mother's visitation with the parties' daughter. We note at the outset that, although the mother filed a notice of appeal with respect to all three orders, the only issues raised in her brief concern the visitation order in appeal No. 2. The mother is therefore deemed to have abandoned any issues concerning the orders in appeal Nos. 1 and 3 (*see Matter of Danner v NePage* [appeal No. 3], 100 AD3d 1405, 1405, *lv denied* 20 NY3d 859; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984). We further note that any contentions concerning the propriety of the order dismissing the mother's custody petitions are not properly before us because the mother did not appeal from that order (*see Matter of Groesbeck v Groesbeck*, 52 AD3d 903, 903).

With respect to appeal No. 2, we note that the Attorney for the Child has submitted new information, obtained during the pendency of this appeal, indicating that the order of visitation has been superseded by a subsequent order. Therefore, the mother's challenge to the order in appeal No. 2 has been rendered moot (*see Matter of Dupuis v Costello*, 80 AD3d 806, 807), and we conclude that the exception to the mootness doctrine does not apply (*see generally*

*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715).