■ In the Matter of SWAN WINDOM, Appellant, v KELLY PEM-
BERTON, Respondent. (And Another Related Proceeding.) [989
NYS2d 524]—

Lahtinen, J.P. Appeal from an order of the Family Court of
Warren County (Breen, J.), entered February 5, 2013, which,
among other things, granted respondent's application, in two
proceedings pursuant to Family Ct Act article 6, for custody of
the parties' child.

Petitioner (hereinafter the father) and respondent (hereinaf-
ter the mother) are the unmarried parents of a son (born in
2005). The child was born in Florida and spent several years
there, during which time he resided almost exclusively with the
mother. The mother and the child permanently relocated to
Warren County in May 2010. While the father was visiting in
December 2011, he and the maternal grandmother secreted the
child away from the mother, and the father commenced the first
of these proceedings for custody. The mother, in turn, cross-
petitioned for custody. Family Court initially awarded temporary
custody of the child to the maternal grandmother but, in June
2012, returned the child to the mother. Following a fact-finding
hearing at which the parents and the maternal grandmother
testified, Family Court granted the parties joint legal custody of
the child, awarded the mother physical custody of the child and
established a visitation schedule for the father. The father ap-
peals, and we affirm.

"In determining custody, Family Court was required to assess
the best interests of the child by considering factors such as the
child's age and wishes, and the parents' relative fitness, stabil-
ity and previous performance, as well as their respective home
environments and abilities to guide the child, provide for his
well-being, and encourage his relationship with the other par-
ent" (*Matter of Dana A. v Martin B.*, 72 AD3d 1136, 1137 [2010]
[citations omitted]; *see Bowman v Engelhart*, 112 AD3d 1187,
1187 [2013]). "Great deference is accorded to both Family
Court's assessment of the witnesses' credibility and its ultimate
custody determination," especially in cases like this one where
the court must choose between two less than ideal parents (*Mat-
ter of Baker v Baker*, 82 AD3d 1462, 1462 [2011] [citations omit-
ted]; *see Matter of Dana A. v Martin B.*, 72 AD3d at 1138).

The mother has been the child's primary caregiver, assumed
responsibility for his medical needs and has willingly engaged in
treatment for her prescription drug dependency and other
maladies. While she has been disabled from working for some

time, she has stabilized her financial situation and maintains an appropriate residence for the child. She has also improved her relationship with the maternal grandmother, who lives nearby and serves as a resource for the child. Moreover, despite the father's contention that the mother was obstructing his relationship with the child, Family Court noted her testimony that she has endeavored to encourage their relationship and will continue to do so.

In contrast, the record reflects that the father has only had sporadic contact with the child, remains financially dependent upon his parents, and is approximately $25,000 in arrears on his child support obligation. The father also has an eventful criminal history, and has refused to consider relocating to New York despite admitting that the child had developed significant emotional contacts here. Under these circumstances, a sound and substantial basis in the record supports Family Court's determination that the best interests of the child would be served by awarding physical custody to the mother (*see Matter of Bambrick v Hillard*, 97 AD3d 921, 922-923 [2012]; *Matter of Baker v Baker*, 82 AD3d at 1462-1463).

McCarthy, Garry, Lynch and Clark, JJ., concur. Ordered that the order is affirmed, without costs.