Rose, J.
Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered June 8, 2015, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ children.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2008 and 2010) who ended their relationship shortly after the birth of their second child. The parties shared custody of the children pursuant to an informal arrangement until June 2014, when the mother filed a petition seeking sole custody on the primary ground that the father was attempting to alienate her from the children. The father cross-petitioned for the same relief based upon various allegations of the mother’s parental unfitness. Family Court awarded the parties joint legal custody and roughly equal weekly parenting time, with primary physical custody to the mother. The father appeals.
As limited by his brief, the father contests only the award of primary physical custody to the mother and the reduction of his parenting time relative to the parties’ prior, informal custody arrangement. “In making an initial custody determination, the paramount concern is the best interests of the child, which requires review of factors such as the parents’ relative fitness, past performance and ability to provide a stable home environment for the child, as well as each parent’s willingness to foster the child’s relationship with the other parent” (Matter of Brown v Akatsu, 125 AD3d 1163, 1164 [2015] [internal quotation marks and citations omitted]; see Matter of Kayla Y. v Peter Z., 125 AD3d 1126, 1127 [2015]). Upon our review, we accord great deference to Family Court’s findings of fact and credibility determinations, “particularly where, as here, the court was faced with the difficult task of choosing between two less than perfect parents” (Matter of Baker v Baker, 82 AD3d 1462, 1462 [2011]; see Matter of Windom v Pemberton, 119 AD3d 999, 999 [2014]).
The evidence at the fact-finding hearing revealed that, on the whole, the parties are fit, loving parents, but both have displayed shortcomings that factored prominently in Family Court’s ultimate custody determination. For example, the *1366 father is unemployed, lives with his mother and relies upon her, his current girlfriend and unemployment benefits to support and care for the children while he attends school for a total of 12 hours per week. Although the father touted himself as the children’s primary caregiver and indicated that he is largely responsible for the children’s medical care and matters related to their schooling, he conceded that he often did not consult the mother before making important decisions in the children’s lives. The record shows that the father rarely notified the mother about school events and he would not permit the mother to attend one of the older child’s field trips without him, causing the mother to not attend because of her level of discomfort around the father. The father also admitted that the older child had arrived late to school at least 10 times while in his care, but only once during the mother’s parenting time.
As for the mother, she acknowledged that her driver’s license was suspended for nearly two years for an unpaid fine, which she apparently discovered only when she was terminated from a previous job for not possessing a valid license. She also admitted to dating a convicted felon for a short period of time before he returned to prison on a probation violation and to not seeing her children for a three-week period while experiencing financial and transportation difficulties. At the hearing, however, the mother testified — credibly, in Family Court’s view — that many of her prior issues are now resolved. Her license has been reinstated, she has obtained steady employment at a business owned by her parents, she is no longer involved with the convicted felon, and, in any event, had never exposed the children to him even when she was dating him. Furthermore, despite the father’s repeated attempts to alienate her from the children’s lives, she contacted the older child’s school in order to better understand and respond to his educational needs, and she has attempted to communicate with the father about extracurricular activities for the children. She further testified, without contradiction, that she always encourages the children to spend time with the father, and she never speaks negatively about him in their presence. Thus, while both parties have room for improvement, we find that Family Court’s decision to award primary physical custody to the mother and roughly equal parenting time to both parties is supported by a sound and substantial basis in the record (see Matter of Andrea CC. v Eric DD., 132 AD3d 1028, 1030 [2015]; Matter of Teri v Elliott, 122 AD3d 1092, 1094 [2014]; Matter of Danielle TT. v Michael UU., 90 AD3d 1103, 1104 [2011]). The father’s remaining contention that Family Court’s custody award was based upon an improper presumption that mothers *1367 are more suitable custodial parents finds no support in the record and is without merit.
Lahtinen, J.P., Lynch, Clark and Aarons, JJ., concur.
Ordered that the order is affirmed, without costs.