■ In the Matter of FRANK A. BARNDOLLAR, Respondent, v ROSE MARIE BARNDOLLAR, Appellant. [651 NYS2d 254] —Spain, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered April 18, 1995, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for physical custody of the parties' children.

Petitioner and respondent were married in 1982 and are the parents of Jacqueline (born in 1984) and Michael (born in 1990). In November 1994, respondent left the marital residence for approximately a two-month period during which she had little or no contact with the children; she moved back into the marital residence January 6, 1995. On January 10, 1995 petitioner left the marital residence to allow respondent and the children an opportunity to be alone. When petitioner returned the following day, he discovered that respondent had left with the children without any explanation as to where she was going or when she intended to return.

On January 11, 1995 respondent commenced a proceeding in Family Court seeking custody of the children, claiming that she could raise her children in a safe and secure atmosphere free from petitioner's violent and abusive behavior. After questioning respondent at her initial ex parte appearance, Family Court awarded a temporary order of protection to respondent and granted temporary custody of both children to respondent with no visitation to petitioner unless the parties agreed or until respondent went back to court. Two days later petitioner filed a petition requesting custody of the children.

On January 25, 1995 Family Court awarded temporary joint custody of the children to the parties with physical custody to respondent and visitation to petitioner. On April 4, 1995, at the conclusion of the custody hearing, Family Court ordered that the parties have joint custody of the children, with physical custody to petitioner and visitation with respondent. Respondent appeals.

We affirm. Initially we reject respondent's contention that Family Court's custody order was against the weight of the evidence. It is well settled that in determining custody disputes between two parents, the applicable standard is the children's best interests (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94; *Matter of King v King*, 225 AD2d 819, 820, *lv denied* 88 NY2d 806). Further, "Family Court's determination is entitled to great deference from this Court as it had the advantage of hearing the witnesses and weighing their credibility and will only be set aside if it lacks a sound and substantial basis in the record" (*Matter of Nicotera v Nicotera*, 222 AD2d 892, 893).

Here, respondent admitted in her testimony that she left the children with petitioner for approximately two months from November 1994 through January 1995 after she was asked, by petitioner, to leave their home because she was using drugs and alcohol. Although respondent claims that she talked to the children every day during the period in which she was gone, she only saw Jacqueline once when Jacqueline came to visit her; notably respondent had no contact with her children either on Thanksgiving or Christmas. Respondent also testified that she was not concerned about the children during that period because she knew they were in good hands with petitioner and that petitioner had the financial means, unlike herself, to support the children. At the time of the hearing respondent was unemployed and living with Earl Hartle, who was also unemployed. Hartle's wife of 17 years, Mary Ann Hartle, testified that Earl was an alcoholic, that he was both verbally and physically abusive to her in front of their children and that he threatened her with a gun, for which he was arrested. Although respondent and Hartle both testified that he does not use alcohol or drugs any longer, Family Court found the testimony to be incredible.

The record further reveals that, at the time of the hearing, petitioner had been continuously employed for over 20 years, was in counseling to deal with his personal troubles including alcohol abuse, and offered the children a stable home environment (*see, Matter of Sellen v Wright*, 229 AD2d 680). The stabil-

ity of petitioner's home environment is most significant in light of the recent discovery that Michael is autistic. In sum, we conclude that Family Court's determination is fully supported by the record; though Family Court should consider a child's wish to live with a parent, it is only one of many factors (*see, Eschbach v Eschbach, supra; Matter of Clark v Dunn,* 195 AD2d 811).

Next, we reject respondent's contention that petitioner's witnesses were biased and interested parties and that Family Court's assessment of the credibility of the witnesses was against the weight of the evidence. "Because Family Court had the opportunity to assess the credibility of witnesses, we must afford its factual findings considerable deference and will disturb them on appeal only if they lack a sound and substantial basis in the record" (*Matter of Clark v Williams,* 229 AD2d 686, 687-688; *see, Eschbach v Eshbach, supra; Friederwitzer v Friederwitzer, supra*). In our view the record amply supports Family Court's determination. We have considered respondent's remaining contention that Family Court improperly limited respondent's cross-examination of certain witnesses and find that assertion to be without merit.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.