■ In the Matter of James A. Amato, Respondent, v Stacey Amato, Appellant. (And Two Other Related Proceedings.) [857 NYS2d 778]—

Rose, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered May 18, 2007, which, among

other things, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

In these three custody proceedings, the father, mother and paternal grandmother of the child (born in 2004) each seek custody. After a hearing on all of the parties' petitions, at which only the three parties testified and the paternal grandmother testified in favor of the father, Family Court awarded sole custody of the child to the father, granted alternate weekend visitation with the mother and dismissed the grandmother's petition as moot. The mother now appeals.

While we agree with Family Court that the evidence at the hearing raised significant concerns about the suitability of both the mother and father as the custodial parent, we find that the record is insufficient to support Family Court's resolution of those concerns or to permit our own full and proper assessment of how they may affect the best interests of the child. For example, Family Court determined that the father's home life was more stable than that of the mother, based on his work schedule and the support of the paternal grandmother. However, since both parents and the grandmother work full time and the child would have to be in the care of others regardless of who has custody, this factor should not have been determinative without a home study placed on the record or other evidence as to the child's day-to-day life with each parent. Similarly, in the absence of forensic evaluation of the mother, Family Court should not have based its determination of custody upon the father's and grandmother's bare allegation that the mother suffers from unresolved emotional trauma due to a violent crime and the possible suicide of her father. Accordingly, the record must be developed further to permit a proper determination regarding the best interests of the child (see Matter of Mix v Gray, 265 AD2d 692, 694 [1999]; Castler v Castler, 233 AD2d 720, 721 [1996]; Matter of Estrada v Estrada, 154 AD2d 376, 376 [1989]).

Moreover, while the appointment of a law guardian is not statutorily mandated in contested custody proceedings (cf. Family Ct Act § 249 [a]), doing so is the preferred practice and such an appointment here would have played an important role in developing the record and assessing the interests of the child (see Matter of Figueroa v Lopez, 48 AD3d 906, 907 [2008]). Given the substantial questions raised about the fitness of both of these parents, the interest of each of the witnesses in the outcome of the proceedings, and the lack of a forensic evaluation and home study, we are of the view that the failure to ap-

point a law guardian here was an abuse of discretion because it deprived the child of an advocate to further investigate the parents and present evidence as to his interests beyond that offered by the parties (*see Matter of Robinson v Cleveland*, 42 AD3d 708, 710 [2007]). Therefore, Family Court's determination of custody must be reversed and the matter remitted for further proceedings.

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, temporary physical custody of the child shall continue with the father, and the mother shall continue exercising the previously ordered visitation.