■ DAVID BETTS, Appellant, v AMY BETTS, Respondent. [858 NYS2d 317]—

In a matrimonial action in which the parties were divorced by judgment entered April 5, 2001, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated July 6, 2007, as denied, without a hearing, his motion, inter alia, to modify a provision of the parties' stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce, by awarding him custody of the parties' children, and for the appointment of an attorney for the children.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for the appointment of an attorney for the children is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the appointment of an attorney for the children and a new determination of the remaining branches of the plaintiff's motion following the submission of papers by the attorney for the children.

Under the unique circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the father's motion which was for the appointment of an attorney to represent the interests of the parties' children (*see Grotke v Harris*, 294 AD2d 957, 958 [2002]). The father's allegations that the mother, as well as other people, subjected the children to inappropriate corporal punishment, warranted the appointment of an attorney for the children (*see Matter of Ortiz v Maharaj*, 8 AD3d 574 [2004]; cf. *Spratt v Fontana*, 46

AD3d 670, 671 [2007]). Accordingly, we reverse the order of the Supreme Court for that limited reason, grant that branch of the plaintiff's motion which was for the appointment of an attorney for the children, and remit the matter for the appointment of an attorney for the children, and a new determination of the remaining branches of the father's motion following the submission of papers by the attorney for the children. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.