■ In the Matter of JENNIFER J. MARCHAND, Respondent, v FRANK A. NAZZARO, Appellant. (And Another Related Proceeding.) [889 NYS2d 735]—

Lahtinen, J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two daughters, born in 1997 and 1999. The falling apart of their relationship has resulted in myriad proceedings (*see e.g. Matter of Marchand v Nazzaro*, 55 AD3d 968, 968 [2008]). As currently relevant, the mother petitioned and the father cross-petitioned for custody of the children. Temporary orders that were issued while the custody proceedings were pending granted the mother sole legal and physical custody of the children, with six to eight hours per week of visitation for the father. Following fact-finding and *Lincoln* hearings, Family Court rendered an extensive written decision in which it, among other things, awarded the mother sole legal and physical custody, and permitted the father two hours of weekly visitation. The father appeals.

We affirm. In making this custody determination, "Family Court was required to consider the best interests of the child[ren] by reviewing such factors as maintaining stability for the child[ren], the child[ren]'s wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child[ren]'s overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Smith v Smith*, 61 AD3d 1275, 1276 [2009] [internal quotation marks and citations omitted]; *see Matter of Holle v Holle*, 55 AD3d 991, 991-992 [2008];

*Matter of Hissam v Mackin*, 41 AD3d 955, 956 [2007], *lv denied* 9 NY3d 809 [2007]). " 'Family Court's determination is entitled to great deference from this Court as it had the advantage of hearing the witnesses and weighing their credibility and will only be set aside if it lacks a sound and substantial basis in the record' " (*Matter of Barndollar v Barndollar*, 234 AD2d 858, 859 [1996], quoting *Matter of Nicotera v Nicotera*, 222 AD2d 892, 893 [1995]; *see Matter of Wentland v Rousseau*, 59 AD3d 821, 822 [2009]).

As discussed at length in Family Court's decision, the father has had significant mental health issues. Further, he has no income and apparently has no intention of seeking a paying job despite being capable of working. He indicated that he plans to survive on a barter system. He has not contributed financially to the children's living expenses. His current living arrangements are inadequate for anything other than short visits by the children and he had no viable plan to improve that situation. The record supports Family Court's observation that the father's visitation with his daughters sometimes did not include age-appropriate activities and he seemed unable to set aside his activities to focus upon the children. When he was residing in the family residence, his apparent compulsion to hoard things created a house that was so cluttered as to be virtually unlivable and the children were embarrassed to have friends visit. There was evidence that, since he has stopped residing with the children, their social skills and interaction with others have improved. The mother has a job, she provides the income for the family's expenses, and she has been actively and consistently involved in all aspects of the children's lives. The mother has shown efforts at moving ahead and encouraging a continued role of the father in the children's lives, whereas the father has remained unduly fixated on the mother's past shortcomings. While there was conflicting evidence on some issues, we accept Family Court's credibility determinations and, the record as a whole, provides a sound and substantial basis to support Family Court's decision regarding both custody and the amount of visitation permitted.

Cardona, P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.