■ GIDEON A. MOOR, Respondent, v LAURIE M. BLANCHER MOOR, Appellant. [903 NYS2d 822]—

Peters, J.P. Appeal from an order of the Supreme Court (O'Connor, J.), entered April 28, 2009 in Ulster County, which, among other things, awarded plaintiff custody of the parties' child.

---

Plaintiff (hereinafter the father) and defendant (hereinafter the mother) were married in 2004 and are the parents of a daughter (born in 2005). Within weeks of her birth, the couple began experiencing marital difficulties, stemming from the father's growing concern about the mother's mental health. In January 2006, when the child was just five weeks old, the mother vacated the couple's marital residence in Ulster County and traveled to Nassau County with the child. The father immediately initiated a proceeding in Ulster County Family Court requesting joint custody of the child and an order prohibiting the mother from removing the child from the county. Family Court issued an interim order restricting the mother from leaving the state with the child and set a prompt return date.

A flurry of litigation between the parties ensued. As relevant to this appeal, within days of the mother's departure, each party commenced an action for divorce in Supreme Court, the father in Ulster County and the mother in Nassau County, each moving, by order to show cause, for an award of custody of the child. The actions were consolidated and venue was placed in Ulster County (see Moor v Moor, 39 AD3d 507 [2007]). The mother was initially granted temporary custody of the child, with supervised visitation to the father, and remained in Nassau County during the pendency of the action. Throughout the course of the litigation, the father sought and was awarded increased visitation with the child. By September 2007, when the child was 21 months old, the parties had stipulated to a temporary custody and visitation schedule which provided generous unsupervised and overnight visitation to the father. The parties agreed to proceed to trial on the issues of custody and visitation only. Following a 29-day trial, Supreme Court awarded the father sole custody of the child, with liberal visitation to the mother on a set schedule to continue at least until the child began prekindergarten. The mother appeals.

The principal concern in any child custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Melissa K. v Brian K., 72 AD3d 1129, 1131 [2010]), to be determined "by reviewing such factors as 'maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (Kaczor v Kaczor, 12 AD3d 956, 958 [2004], quoting Matter of Smith v Miller, 4 AD3d 697, 698 [2004]; see Matter of Torkildsen v Torkildsen, 72 AD3d 1405, 1406 [2010]). We accord great deference to Supreme Court's

factual findings and will not disturb the court's custodial determination so long as it is supported by a sound and substantial basis in the record (*see Matter of Torkildsen v Torkildsen*, 72 AD3d at 1406; *Matter of Marchand v Nazzaro*, 68 AD3d 1216, 1217 [2009]).

Initially, we reject the mother's contention that Supreme Court distorted the proof submitted by the parties at the trial and ignored relevant evidence in reaching its custody determination. In its thorough, well reasoned 46-page decision, the court addressed the parties' respective strengths and weaknesses with regard to each of the relevant factors and fully explained its reasons for rejecting the recommendation of the court-appointed expert (*see Matter of Melissa K. v Brian K.*, 72 AD3d at 1132), which is not determinative in a custody case (*see Matter of Bates v Bates*, 290 AD2d 732, 733 [2002]; *Matter of Aldrich v Aldrich*, 263 AD2d 579, 579 [1999]). While there was conflicting evidence on some issues—many of which were irrelevant to the best interests of the child determination—we accept Supreme Court's credibility determinations and conclude that the court's custody determination has a sound and substantial basis in the record (*see Matter of Marchand v Nazzaro*, 68 AD3d at 1217).

Neither party disputes that, in light of the extreme animosity between them, an award of joint legal custody would not have been in the child's best interests (*see Matter of Cool v Malone*, 66 AD3d 1171, 1173 [2009]; *Matter of Yette v Yette*, 39 AD3d 952, 953 [2007], *lv denied* 9 NY3d 802 [2007]). The record reflects that the father can provide a stable home life and appropriate living environment for the child. He has resided in the same home in Ulster County for approximately 10 years in the community where he has spent most of his life and where he has a well-established social network and family support. He maintained a flexible work schedule to allow for visitation with the child during the pendency of this matter and expressed his willingness to adapt his lifestyle to care for the child full time should he be awarded sole custody. The record is replete with testimony attesting to the father's devotion to and concern for the child, as well as his daily routine and interactions with her during visitation. Despite evidence that the father suffered anger and frustration after the mother took the child from the marital home, the father's relative fitness as a parent was not significantly called into question by the evidence submitted at trial. Importantly, Supreme Court credited the father's testimony that, were he to become the primary custodial parent, he would allow the mother free and frequent access to the child

and, finding no basis in the record to disagree, we decline to disturb the court's determination in that regard (*see Matter of Smith v Smith*, 61 AD3d 1275, 1277 [2009]).

By contrast, the mother presented evidence that she resides in a home owned by her father in Nassau County where she has substantial support from her family and friends and where the child is engaged in various social and educational activities, yet she presented no witnesses who could attest to her home environment, the stability that she provides to the child or her daily routine or interactions with the child. Although the mother testified that she believed it important for the child to have a good relationship with the father and affirmed that she would cooperate in any way to facilitate that relationship, she prevented the father from having contact with the child for five weeks after her move to Nassau County, misrepresented that she was exclusively breast feeding the child in order to limit the father's visitation time and opposed many of the father's requests for increased visitation.

Additionally, "[a]lthough not determinative, the mental health of a parent is necessarily relevant in every custody/visitation proceeding" (*Matter of Armstrong v Heilker*, 47 AD3d 1104, 1105 [2008]; *see e.g. Matter of Bates v Bates*, 290 AD2d at 733-734). Here, the mother's relative fitness was called into question by evidence that she has never fully acknowledged her long history of anxiety and depression and has not sought regular consistent treatment for it.* We agree with Supreme Court that the mother's anxiety and depression, if left untreated, could potentially cause harm to the child and that the record lacks evidence that the mother is aware of this risk or is taking adequate steps to prevent future risk to the child. Thus, we decline to disturb Supreme Court's finding that the best interests of the child tip the scale in favor of awarding custody to the father.

Finally, the mother argues that Supreme Court abused its discretion in failing to sua sponte appoint an attorney for the child to represent her interests in the protracted litigation between her parents. This argument is foreclosed by the mother having taken a contrary position before Supreme Court when she affirmatively opposed the father's pretrial motion for the appointment of an attorney for the child (*see e.g. Mikkelson v Kessler*, 50 AD3d 1443, 1444 [2008]; *Maas v Cornell Univ.*, 253 AD2d 1, 5 [1999], *affd* 94 NY2d 87 [1999]). In any event, while the recommendation of an attorney for the child may be extremely helpful in assessing the best interests of a child, the

---

* Notably, the mother was unaware of her diagnosis, having never requested this information.

appointment of such attorney "is not statutorily mandated in contested custody proceedings" *(Matter of Amato v Amato*, 51 AD3d 1123, 1124 [2008]) and is a matter committed to the sound discretion of Supreme Court *(see Matter of Swett v Balcom*, 64 AD3d 934, 936 [2009], *lv denied* 13 NY3d 710 [2009]). Given the very young age of the child and the absence of apparent prejudice arising from the failure to appoint an attorney to represent her, we discern no abuse of discretion *(see Matter of Burdick v Babcock*, 59 AD3d 826, 827 [2009]).

We have considered the mother's remaining contentions and find them to be without merit.

Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.