■ Ann E. Farina, Appellant, v Richard R. Farina, Jr., Respondent. [919 NYS2d 595]—

Mercure, J.P.

The parties were married in 1990 and have four sons who were born in 1992, 1994, 1998 and 2000. In 2006, plaintiff commenced this action for divorce, and the parties stipulated to the

grounds for divorce and equitable distribution of their marital assets, including defendant's retention of the marital home. Following a nonjury trial on the issues of custody and child support, Supreme Court awarded sole legal and primary physical custody of the children to defendant, directed plaintiff to pay him $193 per week in child support, and awarded plaintiff $500 per month in spousal support through August 2010 or the date of her remarriage. A judgment of divorce was then entered, and plaintiff now appeals.

Initially, we reject plaintiff's argument that Supreme Court erred in granting custody to defendant.* As in all child custody disputes, the paramount consideration is the best interests of the children (see e.g. Moor v Moor, 75 AD3d 675, 676 [2010]). "In determining the children's best interests, a court must view all of the circumstances while considering certain factors, including maintaining stability for the children, the children's wishes, the home environment with each parent, each parent's past performance and relative fitness, each parent's ability to guide and provide for the children's overall well-being and the willingness of each to foster a positive relationship between the children and the other parent" (Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1102 [2007] [citations omitted]; see Moor v Moor, 75 AD3d at 676). Here, the evidence of the parties' animosity toward each other, along with their inability to cooperate or communicate, amply supports Supreme Court's conclusion that joint custody is not feasible (see Williams v Williams, 78 AD3d 1256, 1258 [2010]; Matter of Clupper v Clupper, 56 AD3d 1064, 1065 [2008]; Matter of Kilmartin v Kilmartin, 44 AD3d at 1101). Regarding the court's award of custody to defendant, we note that the children have remained in the marital home with defendant since plaintiff's departure in 2006, and plaintiff conceded that they were safe and well cared for in the home. Although the attorney for the children alleged that plaintiff pressured them to indicate that they wished to live with her, the children expressed their desire to maintain the current arrangement. In addition, the court-appointed expert testified that two of the children were significantly more bonded with defendant.

Indeed, plaintiff had become completely estranged from the oldest child when he was 14 years old and did not take responsibility for the deterioration of their relationship, despite her actions both in telling the child not to return home again when he left during a fight and in falsely reporting defendant's

---

* The determination of custody with respect to the oldest child has been rendered moot because he has reached the age of 18 (see Slater-Mau v Mau, 4 AD3d 658, 659 [2004]).

car as stolen, causing defendant and the child to be stopped and surrounded by police. The expert found her claims that defendant had influenced the child against her to be a misperception, and there was evidence that defendant encouraged the children's relationship with plaintiff. Finally, we note that the expert concluded that the complete communication breakdown between the parties was primarily attributable to plaintiff, who had adopted a no-contact position with respect to defendant due to his alleged prior harassment of her—a position that the expert deemed "illogical" and "ludicrous" given her desire for a shared custodial relationship.

Accordingly, while plaintiff was the primary caregiver when the children were younger and there were undisputed allegations regarding a domestic violence incident perpetrated by defendant, we defer to Supreme Court's credibility determinations and conclude that the award of custody to defendant is supported by a sound and substantial basis in the record (*see Williams v Williams*, 78 AD3d at 1258-1259; *Moor v Moor*, 75 AD3d at 677-678; *Matter of Siler v Wright*, 64 AD3d 926, 929 [2009]; *Matter of La Pointe v La Pointe*, 33 AD3d 1174, 1174-1175 [2006]; *see also Matter of Zwack v Kosier*, 61 AD3d 1020, 1021-1022 [2009], *lv denied* 13 NY3d 702 [2009]). Furthermore, given the evidence that plaintiff caused or contributed to the breakdown in communication with the oldest child, we reject her argument that the child forfeited his right to support (*see Matter of Boccalino v Boccalino*, 59 AD3d 901, 902-903 [2009]; *Matter of Ogborn v Hilts*, 269 AD2d 679, 680 [2000]). Nor can we conclude that Supreme Court erred in calculating plaintiff's income inasmuch as the court "was wholly permitted to impute income to [her] based upon . . . prior employment experience, as well as [her] future earning capacity in light of [her] educational background" (*Matter of Bianchi v Breakell*, 23 AD3d 947, 949 [2005] [internal quotation marks and citation omitted]; *see Matter of Yarinsky v Yarinsky*, 36 AD3d 1135, 1137 [2007]). Finally, we agree with plaintiff that Supreme Court erred in determining that her child support obligation should increase upon the termination of defendant's maintenance obligation to her (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Smith v Smith*, 1 AD3d 870, 873 [2003]). Thus, we grant her request to modify the judgment to provide that no increase in child support occur by reason of the termination of maintenance.

Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by striking so much thereof as provided that plaintiff's child

support obligation would increase on August 22, 2010, and, as so modified, affirmed.