# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1227**
**CAF 11-00116**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF CRYSTAL LYNN MOORE,
PETITIONER-RESPONDENT,

V                          MEMORANDUM AND ORDER

MICHAEL W. KAZACOS, RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR RESPONDENT-APPELLANT.

JAMES E. CORL, JR., ATTORNEY FOR THE CHILD, CICERO, FOR KAIDEN M.M.

---

Appeal from an order of the Family Court, Onondaga County (Gina
M. Glover, R.), entered December 13, 2010 in a proceeding pursuant to
Family Court Act article 6. The order granted petitioner sole custody
of the parties' child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this child custody proceeding, respondent father
appeals from an order granting the petition of the mother seeking sole
custody of the parties' infant son. We reject the father's contention
that the Referee erred in failing to consider the factors set forth in
*Matter of Tropea v Tropea* (87 NY2d 727, 740-741) before awarding
custody to the mother, who moved from Syracuse to North Carolina
shortly after she commenced this proceeding. Inasmuch "[a]s this is
an initial custody determination, it is not necessary to adhere to a
strict application of the relevant factors to be considered in a
potential relocation as enunciated in *Matter of Tropea v Tropea*"
(*Matter of Lynch v Gillogly*, 82 AD3d 1529, 1530; *see Matter of Baker v
Spurgeon*, 85 AD3d 1494, 1496, *lv dismissed* ___ NY3d ___ [Oct. 25,
2011]; *Matter of Schneider v Lascher*, 72 AD3d 1417, *lv denied* 15 NY3d
708).

In addition, although the Referee should have made an explicit
finding that awarding custody to the mother was in the child's best
interests, the record is "sufficiently complete" for this Court to
make its own findings (*Matter of Ammann v Ammann*, 209 AD2d 1032, 1032-
1033), and we conclude that the Referee's custody award is in the
child's best interests. We note that there is no dispute that, as of
the hearing date, the father had never seen the child, and the father
did not avail himself of opportunities to visit the child during the
pendency of the proceeding. Indeed, the father failed to appear at

his own house for a scheduled home visit with the Attorney for the Child, who sought to arrange visits for him with the child.  Finally, we reject the father's contention that the case should be remitted for the Referee to fashion a more specific visitation schedule.  If the father is unable to obtain "open and reasonable parenting time . . . as the parties may agree" pursuant to the order, he may file a petition seeking to enforce or modify the order.

Entered:  November 18, 2011                     Patricia L. Morgan
                                                Clerk of the Court