# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**770**

**CAF 12-00825**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF WILLIAM PERRY,
PETITIONER-APPELLANT,

                    V                                        MEMORANDUM AND ORDER

MELVIN RENDER, RESPONDENT-RESPONDENT.

---

MINDY L. MARRANCA, BUFFALO, FOR PETITIONER-APPELLANT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered April 24, 2012 in a proceeding pursuant to Family Court Act article 6. The order denied the objection of petitioner and confirmed the report of the referee.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Pursuant to a stipulated order, petitioner father has sole custody of his 12-year-old daughter, and respondent, the child's half-brother, has "access" to the child every weekend. The father filed a petition seeking to terminate respondent's "access" on the alleged grounds that, inter alia, respondent is a drug dealer and exposes the child to domestic violence. Respondent failed to answer the petition. Following a hearing, the Referee issued a report recommending dismissal of the petition, and Family Court confirmed the Referee's report. We affirm. Even assuming, arguendo, that there was a change of circumstances (*see generally Black v Watson*, 81 AD3d 1316, 1316, *lv dismissed in part and denied in part* 17 NY3d 747), we conclude that the court's determination that it is in the best interests of the child to continue having scheduled visitation with respondent has a sound and substantial basis in the record (*see Matter of Chery v Richardson*, 88 AD3d 788, 788-789; *see generally Eschbach v Eschbach*, 56 NY2d 167, 173-174). It is undisputed that the child and respondent have a close relationship, which the child wishes to continue. Although the express wishes of the child are not controlling, they are entitled to great weight where, as here, the child's age and maturity render her input particularly meaningful (*see Matter of Dingledey v Dingledey*, 93 AD3d 1325, 1326).

Finally, we reject the father's contention that he was denied effective assistance of counsel. The father failed to demonstrate that he was prejudiced by the alleged deficiencies in his attorney's

performance, and the record reflects that his attorney provided meaningful representation (*see Matter of Nagi T. v Magdia T.*, 48 AD3d 1061, 1062).

Entered:  June 14, 2013                                  Frances E. Cafarell
                                                         Clerk of the Court