Matter of Marina C. v Dario D. (2019 NY Slip Op 53953)





Matter of Marina C. v Dario D.


2019 NY Slip Op 53953


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

528215

[*1]In the Matter of Marina C., Respondent,
v
Dario D., Appellant. (And Another Related Proceeding.)

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Garufi Law PC, Binghamton (Alena Van Tull of counsel), for appellant.
Jehed Diamond, Delhi, for respondent.
Larisa Obolensky, Delhi, attorney for the child.
Jehed Diamond, Delhi, for respondent.


Larisa Obolensky, Delhi, attorney for the child.



Mulvey, J.
Appeal from an order of the Family Court of Delaware County (Rosa, J.), entered July 11, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2013). In September 2017, upon a stipulation of the parties, Family Court entered an order providing for joint legal custody, parenting time to the father from Thursday to Sunday one week and Thursday to Saturday the following week, divided holidays and that the parties would try to agree on an equal split of parenting time within six months. Less than two months later, the mother commenced this proceeding seeking to modify custody and visitation.[FN1] Following a hearing, Family Court granted the mother's petition, providing her with sole legal and primary residential custody, and granting the father parenting time from Friday to Sunday for four out of every five weeks, as well as divided vacations and holidays. The father appeals.
The father argues that the petition should be dismissed because the mother failed to demonstrate a change in circumstances or that a modification of custody would be in the child's best interests. Alternatively, the father argues that the matter should be remitted for a new hearing because Family Court erred in failing to appoint an attorney for the child (hereinafter AFC). We agree with the latter argument. Although the father could obtain greater relief if he were successful on the former argument (i.e., dismissal of the petition rather than remittal for a new hearing), we find that he is not entitled to that relief based on our review of the current record. Nevertheless, other than avoiding dismissal of the petition, our findings on the merits are of little relevance because the evidence after a new hearing will presumably be different.
Despite Family Court's order being supported by the current record, we reverse and remit for further proceedings conducted with the involvement of an AFC. This Court has previously noted that the "appointment of an [AFC] in a contested custody matter remains the strongly preferred practice," while acknowledging that "such appointment is discretionary, not mandatory" (Matter of Keen v Stephens, 114 AD3d 1029, 1031 [2014] [internal quotation marks and citations omitted]; see Family Ct Act § 249 [a]). We have also "emphasize[d] the contributions competent [AFCs] routinely make in contested matters; they not only protect the interests of the children they represent, they can be valuable resources to the trial court" (Matter of Farnham v Farnham, 252 AD2d 675, 677 [1998]). While advocating for the child, an AFC may provide a different perspective than the parents' attorneys, including through the presentation of evidence on the child's behalf, and may "recommend alternatives for the court's consideration" (Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117 [1990]). Even absent a request, a court may appoint an AFC on its own motion (see Family Ct Act § 249 [a]).
Family Court had appointed an AFC for this child in connection with a previous proceeding that resulted in the September 2017 stipulated order. Yet, when — less than two months after entry of that order — the parties' relationship deteriorated significantly, Family Court inexplicably did not appoint the same or another AFC to protect the child's interests. The lack of an AFC prejudiced the child's interests. For example, the mother called the child's therapist as a witness and no objection was raised when the therapist testified regarding information that the child had disclosed in therapy. Had an AFC been appointed, that attorney presumably would have sought to protect the private and confidential nature of the child's discussions in therapy, rather than let the parents use the child's statements and therapist as weapons to support their own goals. The father also testified regarding statements made by the child; an AFC could have objected to those hearsay comments. Further, an AFC could have called additional witnesses, asked questions of the witnesses called by the parties or presented other evidence to elicit information that would support the child's position (see Matter of Amato v Amato, 51 AD3d 1123, 1124-1125 [2008]). Under the circumstances here, we conclude that Family Court improvidently exercised its discretion by failing to appoint an AFC, and such failure prejudiced the child (see id.; Vecchiarelli v Vecchiarelli, 238 AD2d 411, 413 [1997]; see also Betts v Betts, 51 AD3d 699, 699 [2008]; compare Matter of Keen v Stephens, 114 AD3d at 1032). Accordingly, we remit for a new fact-finding hearing on the mother's modification petition, with the appointment and participation of an AFC.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's modification petition; matter remitted to the Family Court of Delaware County for further proceedings on that petition not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: The mother also filed a family offense petition, which was dismissed by Family Court and is not at issue on appeal.