Matter of Papineau v Sanford (2020 NY Slip Op 07804)





Matter of Papineau v Sanford


2020 NY Slip Op 07804


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1158 CAF 19-00853

[*1]IN THE MATTER OF ANTHONY PAPINEAU, PETITIONER-RESPONDENT,
v
AIMEE SANFORD, RESPONDENT-APPELLANT.
IN THE MATTER OF AIMEE SANFORD, PETITIONER-APPELLANT,
v
ANTHONY PAPINEAU, RESPONDENT-RESPONDENT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.
THEODORE W. STENUF, MINOA, FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Karen J. Stanislaus, R.), entered February 15, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded sole legal and physical custody of the subject child to petitioner-respondent Anthony Papineau. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent-petitioner mother appeals from an order that, inter alia, awarded sole legal and physical custody of the subject child to petitioner-respondent father and visitation to the mother. On appeal, the mother contends that Family Court's custody determination lacked a sound and substantial basis in the record. We affirm.
In making a custody determination, "the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of [the parties] to provide for the child's emotional and intellectual development and the wishes of the child . . . No one factor is determinative because the court must review the totality of the circumstances" (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015] [internal quotation marks omitted]). A court's custody determination, including its evaluation of the child's best interests, is entitled to great deference and will not be disturbed as long as it is supported by a sound and substantial basis in the record (see Cunningham v Cunningham, 137 AD3d 1704, 1705 [4th Dept 2016]; Sheridan, 129 AD3d at 1568; see also Matter of Cross v Caswell, 113 AD3d 1107, 1107 [4th Dept 2014]).
We conclude that the evidence in the record, including the testimony obtained during the Lincoln hearing (see generally Matter of Aikens v Nell, 91 AD3d 1308, 1308-1309 [4th Dept 2012]), provided a sound and substantial basis for the court's custody determination. The testimony at the custody hearing, as credited by the court, established that the father and the child engaged in various activities together, that the father supported the child's schooling, and that the father sought appropriate counseling for the child. The father owned the home that he lived in [*2]with his wife, whereas the mother lived with the child's maternal grandmother. Further, the record established that, when the child was living with her, the mother allowed the child to be in the presence of and supervised by her partner, who was a registered sex offender. The father also testified that he worried for the child's safety when the child was in the mother's care, described multiple instances in which the mother behaved inappropriately toward the child, and stated that he observed a hand mark on the child and a bruise on his face while the child was in the mother's care.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court