Matter of Frederick v Snyder (2023 NY Slip Op 04878)

Matter of Frederick v Snyder

2023 NY Slip Op 04878

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

690 CAF 21-01271

[*1]IN THE MATTER OF JOHN H. FREDERICK, PETITIONER-APPELLANT,
v
ASHLEY R. SNYDER, RESPONDENT-RESPONDENT. 

CHARU NARANG, ROCHESTER, FOR PETITIONER-APPELLANT. 
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered August 20, 2021, in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted sole custody and primary residence of the subject child to respondent, with supervised visitation to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that modified the parties' prior order of custody and visitation by, inter alia, directing that the father's visitation with the child be supervised. We affirm.
Contrary to the father's contention, Family Court did not abuse its discretion in directing that his visitation be supervised. "[T]he propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (Matter of Shaffer v Woodworth, 175 AD3d 1803, 1804 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Mountzouros v Mountzouros, 191 AD3d 1388, 1389 [4th Dept 2021], lv denied 37 NY3d 902 [2021]). Here, we conclude that a sound and substantial basis in the record supports the court's determination that the father's visitation should be supervised inasmuch as the record demonstrates that certain behavior by the father "has resulted in both fear and anxiety in the child[ ]," requiring medical treatment and therapy (Matter of Solomon v Fishman, 180 AD3d 1051, 1053 [2d Dept 2020], lv denied 35 NY3d 910 [2020]; see Matter of Madison H. [Demezz J.H.], 173 AD3d 458, 459 [1st Dept 2019]). The Attorney for the Child (AFC) also noted the child's refusal to visit the father based on the father's behavior and requested on behalf of the child that visitation be supervised. "[W]hile the child's wishes are not controlling, they are entitled to considerable weight" particularly where, as here, the child's age and maturity render her input particularly meaningful (Madison H., 173 AD3d at 459; see Matter of Perry v Render, 107 AD3d 1615, 1615 [4th Dept 2013]).
The father further contends that the AFC should have substituted his own judgment for that of the child. The father failed to preserve for our review his contention concerning the AFC's representation inasmuch as he did not make a motion to remove the AFC (see Matter of Swinson v Dobson, 101 AD3d 1686, 1687 [4th Dept 2012], lv denied 20 NY3d 862 [2013]). In any event, the father's contention lacks merit. "There are only two circumstances in which [AFCs are] authorized to substitute [their] own judgment for that of the child: '[w]hen the [AFC] is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child' " (id., quoting 22 NYCRR 7.2 [d] [3]). Neither exception is implicated in this matter (see id.), and we thus conclude that the AFC properly advocated for the wishes of his client.
Entered: September 29, 2023 Ann Dillon Flynn
Clerk of the Court