Matter of Beavers v Beavers (2025 NY Slip Op 03894)

Matter of Beavers v Beavers

2025 NY Slip Op 03894

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

351 CAF 24-00274

[*1]IN THE MATTER OF CORINNE BEAVERS, PETITIONER-RESPONDENT,
v
KEVIN BEAVERS, RESPONDENT-APPELLANT. (PROCEEDING NO. 1.) - IN THE MATTER OF KEVIN BEAVERS, PETITIONER-APPELLANT, 
 CORINNE BEAVERS, RESPONDENT-RESPONDENT. (PROCEEDING NO. 2.) 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.
JEFFREY R. PARRY, FAYETTEVILLE, FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.
CHRISTINA CAGNINA, SYRACUSE, ATTORNEY FOR THE CHILD. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Lourdes P. Rosario, R.), entered August 3, 2023, in proceedings pursuant to Family Court Act article 6. The order, inter alia, granted sole legal and physical custody of the subject children to petitioner-respondent. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the parties' youngest child and third youngest child is unanimously dismissed and the order is affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, respondent-petitioner father appeals from an order entered after a hearing that, inter alia, awarded petitioner-respondent mother sole legal and physical custody of the parties' three youngest children and terminated the father's parenting time with the second youngest child. Initially, we dismiss as moot the appeal from the order insofar as it concerns the third youngest child, i.e., the oldest of the three children addressed in the order, because that child has reached the age of majority (see Matter of Osmundson v Held-Cummings, 20 AD3d 922, 923 [4th Dept 2005], lv denied 5 NY3d 711 [2005]). We further dismiss the appeal insofar as it concerns the youngest child because a subsequent order has been entered rendering the father's challenge with respect to that child moot (see Matter of Kirkpatrick v Kirkpatrick, 117 AD3d 1575, 1576 [4th Dept 2014]). Inasmuch as the subsequent order does not mention the second youngest child, however, the order on appeal is still operative with respect to that child (see Matter of Daila W. [Danielle W.—Daniel P.], 133 AD3d 1353, 1354 [4th Dept 2015]; Matter of Karen PP. v Clyde QQ., 197 AD2d 753, 754 [3d Dept 1993]; cf. Matter of Andrews v Applegate, 201 AD3d 1332, 1332 [4th Dept 2022]).
With respect to the second youngest child, we note that the parties do not dispute that there is a sufficient change in circumstances to warrant an inquiry into whether modification of the existing custody arrangement would be in that child's best interests (see Matter of Ridall v Jones, 230 AD3d 1548, 1549 [4th Dept 2024]; Matter of Nordee v Nordee, 170 AD3d 1636, 1636-1637 [4th Dept 2019], lv denied 33 NY3d 909 [2019]; Matter of Schimmel v Schimmel, 262 [*2]AD2d 990, 991 [4th Dept 1999], lv denied 93 NY2d 817 [1999]).
Contrary to the father's contention, Family Court did not err in awarding the mother sole legal and physical custody of the second youngest child or in terminating the father's parenting time with that child. In determining whether a requested custody modification is in the best interests of a child, "the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of each [party] to provide for the child's emotional and intellectual development and the wishes of the child" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]; see Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]; Matter of Pritty-Pitcher v Hargis, 221 AD3d 1546, 1547 [4th Dept 2023], lv dismissed in part & denied in part 41 NY3d 974 [2024], cert denied — US &mdash, 145 S Ct 290 [2024]). It is well settled that "a court's determination regarding custody [and visitation issues], based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of DeVore v O'Harra-Gardner, 177 AD3d 1264, 1266 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Thayer v Thayer, 67 AD3d 1358, 1359 [4th Dept 2009]). We perceive no basis to disturb the court's determination with respect to the second youngest child inasmuch as it is supported by a sound and substantial basis in the record (see Matter of Kakwaya v Twinamatsiko, 159 AD3d 1590, 1591 [4th Dept 2018], lv denied 31 NY3d 911 [2018]; Farina v Farina, 82 AD3d 1517, 1518-1519 [3d Dept 2011]). We note that, although the express wishes of a child are not controlling, they are entitled to great weight where, as here, the child's age and maturity "render [their] input particularly meaningful" (Matter of Frederick v Snyder, 219 AD3d 1708, 1708 [4th Dept 2023]; see generally Matter of Papineau v
Sanford, 189 AD3d 2147, 2147-2148 [4th Dept 2020], lv denied 36 NY3d 911 [2021]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court